Jennifer Fiore, Esq. (SBN: 203618)
Sophia Achermann, Esq. (SBN: 262712)
Alexandra A. Hamilton, Esq. (SBN: 280834)
FIORE ACHERMANN, A Law Corp.
340 Pine Street, Suite 503
San Francisco, CA 94104
Tel./Fax: (415) 550-0650
Email: jennifer@theFAfirm.com
        sophia@theFAfirm.com
        alexandra@theFAfirm.com

Richard Margarita, Esq. (SBN: 175819)
LAW OFFICE OF RICHARD P. MARGARITA
4750 J Street, Suite 19153
Sacramento, CA 95819
Tel: (916) 248-8570
Fax: (888) 346-7927
Email: richardmargarita@sbcglobal.net

Attorneys for Plaintiff
ALEJANDRO ARCEO

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ARCEO, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **FAILURE TO PROVIDE MEDICAL CARE (4TH, 8TH & 14TH AMENDMENT)** |
| CITY OF ROSEVILLE; | 2. **FAILURE TO PROTECT FROM HARM (4TH & 14TH AMENDMENTS)** |
| GARY SMITH; CURTIS WATKINS; | |
| ADRIAN COGHLAN; BRIAN LEWIS; | 3. **FAILURE TO TRAIN (4TH, 8TH & 14TH AMENDMENTS)** |
| DANIEL TIMONEY; DARRYL LOPEZ; | 4. **SUPERVISORY LIABILITY (4TH, 8TH & 14TH AMENDMENTS)** |
| DERRICK PHELPS; JAMES HAGGERTY; | 5. **MONELL – MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY (4TH, 8TH & 14TH AMENDMENTS)** |
| LEE HENDRICK; SETH ADDINGTON; JAMES MACCOUN; COUNTY OF PLACER; | |

1

| | |
|---|---|
| DEVON BELL;<br>DAVID POWERS;<br>CALIFORNIA FORENSIC MEDICAL<br>GROUP, INCORPORATED;<br>ASHLEY JOEL PILGRIM, M.D.;<br>SUTTER ROSEVILLE MEDICAL CENTER;<br>SUTTER HEALTH;<br>CEP AMERICA – CALIFORNIA DBA<br>VITUITY HOSPITALISTS; and<br>DOES 1 Through 250, Inclusive,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **6. UNREASONABLE SEARCH OR<br>    SEIZURE (4TH AMENDMENT)**<br>**7. UNLAWFUL ARREST (4TH<br>    AMENDMENT)**<br>**8. FALSE IMPRISONMENT (8TH &<br>    14TH AMENDMENTS)**<br>**9. FAILURE TO<br>    FURNISH/SUMMON MEDICAL<br>    CARE**<br>**10. NEGLIGENCE**<br>**11. NEGLIGENCE (CAL. GOV'T<br>     CODE § 815.4)**<br>**12. FAILURE TO PERFORM<br>     MANDATORY DUTY (CA. GOV'T<br>     CODE § 815.6)**<br>**13. PROFESSIONAL NEGLIGENCE**<br>**14. VIOLATION OF BANE CIVIL<br>     RIGHTS ACT (CAL. CIV. CODE §<br>     52.1)**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff ALEJANDRO ARCEO ("Plaintiff"), by and through his attorneys, and submits this Complaint for Damages against each of the Defendants named herein.

## PARTIES

1.    Plaintiff ALEJANDRO ARCEO is, and was at all times mentioned herein, a resident of the City of Roseville in the County of Placer, State of California.  Plaintiff brings these claims for violations of civil rights under the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution and California State Law.

2.    Defendant CITY OF ROSEVILLE is a public entity, duly organized and existing under the laws of the State of California and is located in the County of Placer.  Under its authority, Defendant CITY OF ROSEVILLE, operates and manages the Roseville Police Department and is, and was at all relevant times mentioned herein, responsible for the actions and/or inactions and the policies, procedures, and practices/customs of the Roseville Police Department and its respective employees, agents, representatives and/or contractors.  Defendant CITY OF ROSEVILLE was responsible for employing the Roseville Police Department.  At all

times herein mentioned, Defendant CITY OF ROSEVILLE possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Roseville Police Department and its tactics, methods, practices, customs and usage.

3.     Defendant GARY SMITH was at all times mentioned herein a police officer with the Roseville Police Department, was employed by Defendant CITY OF ROSEVILLE, and, in doing the acts hereinafter described, acted within the scope and course of his employment.

4.     Defendant CURTIS WATKINS was at all times mentioned herein a police officer with the Roseville Police Department, was employed by Defendant CITY OF ROSEVILLE, and, in doing the acts hereinafter described, acted within the scope and course of his employment.

5.     Defendant ADRIAN COGHLAN was at all times mentioned herein a police officer with the Roseville Police Department, was employed by Defendant CITY OF ROSEVILLE, and, in doing the acts hereinafter described, acted within the scope and course of his employment.

6.     Defendant BRIAN LEWIS was at times mentioned herein a lieutenant with the Roseville Police Department, was employed by Defendant CITY OF ROSEVILLE, and, in doing the acts hereinafter described, acted within the scope and course of his employment.

7.     Defendant DANIEL TIMONEY was at all times mentioned herein a police officer with the Roseville Police Department, and, in doing the acts hereinafter described, acted within the scope and course of his employment.

8.     Defendant DARRYL LOPEZ was at all times mentioned herein a police officer with the Roseville Police Department, and, in doing the acts hereinafter described, acted within the scope and course of his employment.

9.     Defendant DERRICK PHELPS was at all times mentioned herein a police officer with the Roseville Police Department, and, in doing the acts hereinafter described, acted within the scope and course of his employment.

10.     Defendant JAMES HAGGERTY was at all times mentioned herein a sergeant with the Roseville Police Department, and, in doing the acts hereinafter described, acted within the scope and course of his employment.

11.    Defendant LEE HENDRICK was at all times mentioned herein a police officer with the Roseville Police Department, and, in doing the acts hereinafter described, acted within the scope and course of his employment.

12.    Defendant SETH ADDINGTON was at all times mentioned herein a police officer with the Roseville Police Department, and, in doing the acts hereinafter described, acted within the scope and course of his employment.

13.    Defendant JAMES MACCOUN was at all times mentioned herein the Chief of Police, the highest position in the Roseville Police Department, and, in doing the acts hereinafter described, acted within the scope and course of his employment.  As Chief of Police, JAMES MACCOUN is and was responsible for hiring, screening, training, retention, supervision, disciplining, counseling, and controlling all Roseville Police Department's police officers, employees, agents, representatives and/or contractors.  Defendant is and was charged by law with the administration of the Roseville Police Department, with the assistance of a small group of executive officers.  Defendant also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the Roseville Police Department alleged herein were committed. Defendant is being sued in his individual and official capacities.

14.    Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, and DOES 1-50 were employees, agents, representatives and/or contractors of the CITY OF ROSEVILLE and performed the relevant acts within the course and scope of their employment as employees, agents, representatives and/or contractors of the CITY OF ROSEVILLE.  These defendants performed these acts under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California and are sued in their individual capacities and as employees, agents, representatives and/or contractors of the CITY OF ROSEVILLE.

15.    Defendant COUNTY OF PLACER is a public entity, duly organized and existing under the laws of the State of California and is located in the County of Placer.  Under its

authority, Defendant COUNTY OF PLACER, operates and manages Placer County Sheriff's Officer and is, and was at all relevant times mentioned herein, responsible for the actions and/or inactions and the policies, procedures, and practices/customs of the Placer County Sheriff's Office and South Placer Correctional Facility, and each entity's respective employees, agents, representatives and/or contractors.  Defendant COUNTY OF PLACER was responsible for employing the Placer County Sheriff's Officer and operating and staffing the South Placer Correctional Facility.  At all times herein mentioned, Defendant COUNTY OF PLACER possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Placer County Sheriff's Office, the South Placer Correctional Facility and each entity's tactics, methods, practices, customs and usage.

16.     Defendant DEVON BELL was at all times mentioned herein the Sheriff for the Placer County Sherriff's Office, the highest position in the Placer County Sheriff's Office, and, in doing the acts hereinafter described, acted within the scope and course of his employment.  As Sheriff, DEVON BELL is and was responsible for hiring, screening, training, retention, supervision, disciplining, counseling, and controlling all Placer Sheriff's Office custodial employees, agents, representatives and/or contractors.  Defendant is and was charged by law with the administration of the South Placer Correctional Facility, with the assistance of a small group of executive officers. Defendant also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the Placer Sheriff's Office alleged herein were committed.  Defendant is being sued in his individual and official capacities.

17.     Defendant Captain DAVID POWERS was at all times mentioned herein the Corrections Commander for the South Placer Correctional Facility for the Placer County Sherriff's Officer, and, in doing the acts hereinafter described, acted within the scope and course of his employment.  As Corrections Commander, DAVID POWERS is and was responsible for hiring, screening, training, retention, supervision, disciplining, counseling, and controlling all Placer Sheriff's Office custodial employees, agents, representatives and/or contractors. Defendant is and was charged by law with the administration of the South Placer Correctional

Facility, with the assistance of a small group of executive officers. Defendant also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the Placer Sheriff's Office alleged herein were committed.  Defendant is being sued in his individual and official capacities.

18.     Defendants DEVON BELL, DAVID POWERS and DOES 51-100 were employees, agents, representatives and/or contractors of the COUNTY OF PLACER and performed the relevant acts within the course and scope of their employment as employees, agents, representatives and/or contractors of the COUNTY OF PLACER.  These defendants performed these acts under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California and are sued in their individual capacities and as employees, agents, representatives and/or contractors of the COUNTY OF PLACER.

19.     Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED (hereinafter "CFMG"), is a corporation organized and existing under and by virtue of the laws of the State of California with headquarters in Nashville, Tennessee and a principal office in San Diego, California.  CFMG is a private correctional health care provider that services correctional facilities in 34 California counties. The COUNTY OF PLACER contracts with CFMG to provide medical, mental health and dental services for the county's jails, including at the South Placer Correctional Facility.  At all times relevant, CFMG was responsible, in whole or in part, for the medical services provided to Plaintiff during his confinement and/or detention in the South Placer Correctional Facility.

20.     Defendants DOES 101-150 were at all times and places mentioned herein employees, agents, representatives and/or contractors of CFMG and performed the relevant acts within the course and scope of their employment as employees, agents, representatives and/or contractors of CFMG and are individually responsible for the acts and omissions set forth herein.

21.     Defendant ASHELY JOEL PILGRIM, M.D. (hereinafter referred to as "DR. PILGRIM"), is, and was at all relevant times mentioned herein, a resident of the County of Placer, State of California.  DR. PILGRIM is a physician duly licensed by the State of California to practice medicine and surgery in said state, under License No. 127027, and at all relevant

times herein rendered, alleged to have rendered, and/or denied healthcare services to Plaintiff ALEJANDRO ARCEO.

22.     Defendant SUTTER ROSEVILLE MEDICAL CENTER is a corporation, partnership, association, hospital, and/or other entity organized and existing under and by virtue of the laws of the State of California, and was at all times and places mentioned herein engaged in the ownership, operation, and maintenance of hospitals and other medical facilities open to the general public and to paying patients in and about the State of California, County of Placer.

23.     Defendant SUTTER HEALTH is a corporation, partnership, association, hospital, and/or other entity organized and existing under and by virtue of the laws of the State of California, and was at all times and places mentioned herein engaged in the ownership, operation, and maintenance of hospitals and other medical facilities open to the general public and to paying patients in and about the State of California, County of Placer.

24.     Defendant CEP AMERICA – CALIFORNIA DBA VITUITY HOSPITALISTS is a corporation, partnership, association, hospital, and/or other entity organized and existing under and by virtue of the laws of the State of California, and was at all times and places mentioned herein engaged in the ownership, operation, and maintenance of hospitals and other medical facilities open to the general public and to paying patients in and about the State of California, County of Placer.

25.     Defendants DOES 151-200 were at all times and places mentioned herein engaged in the ownership, operation, and/or maintenance of hospitals and other medical facilities open to the general public and to paying patients in and about the State of California, County of Placer, or the employees, agents and/or representatives of said hospitals or medical facilities and performed the relevant acts within the course and scope of their employment as employees, agents, representatives and/or contractors.

26.     Plaintiff is informed and believes, and based thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

27.     The true names and capacities, whether individual, corporate, associate, partner or otherwise, of other Defendants, herein named as DOES 1-250, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will move to amend this Complaint to substitute their true names and capacities when the same have been ascertained.

28.     Plaintiff is also unaware of the basis of liability as to some or all of such fictitious Defendants sued herein as DOES 201-250, inclusive, but believes that their liability arises out of the same general facts as set forth herein.  Plaintiff will move to amend this Complaint to assert the theories of liability of said fictitiously named Defendants when they have been ascertained.

29.     Plaintiff is informed and believes and thereon alleges that each Defendant and DOES 1-250, inclusive, are legally responsible in some manner for the events, happenings, omissions and/or occurrences causing damages referred to herein, and legally and proximately caused damage to Plaintiff.  Further, each and every Defendant, including DOES 1-250, inclusive, had a duty to Plaintiff.

30.     Plaintiff is informed and believes, and based thereon alleges that at all relevant times, each Defendant was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest, and/or predecessor in interest of some or all of all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.

31.     Plaintiff is informed and believes, and thereon alleges that DOES 1-250, inclusive, were contractors, individuals, sole proprietorships, partnerships and/or corporations, and all their employees and agents who performed services as an employee, agent, ostensible agent, servant, partner, representative, joint venturer, contractor, and aider and abettor of each of the Defendants and were, in doing the business of things herein complained of, acting within the course and scope of such relationship and therefore are responsible for damages to Plaintiff as hereinafter alleged.  Whenever a Defendant is the subject of any charging allegation by Plaintiff,

COMPLAINT FOR DAMAGES

it shall be deemed that DOES 1-250, inclusive, and each of them, are likewise subject to this charging allegation.

## JURISDICTION AND VENUE

32. This action arises under the laws of the United States, State of California, and common law, including but not limited to, Title 42 United States Code section 1983, California Civil Code Section 52.1 *et seq.*, and case law.

33. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C § 1983. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1376 because the claims form part of the same case or controversy arising under the United States Constitution and federal law

34. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because the unlawful acts and practices that give rise to Plaintiff's claims occurred in the County of Placer, California.

35. Rule 3 of the Federal Rules of Civil Procedure and Local Rule 120(d) authorize assignment to this division because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the County of Placer, which is served by this division.

## ADMINISTRATIVE PREREQUISITES FOR STATE LAW CLAIMS

36. On April 22, 2020, Plaintiff sent public entity tort claims to Defendants COUNTY OF PLACER and CITY OF ROSEVILLE.

37. Defendant COUNTY OF PLACER rejected Plaintiff's claim on May 21, 2021.

38. CITY OF ROSEVILLE rejected Plaintiff's claim on August 26, 2020.

39. On May 26, 2020, Plaintiff sent Notices of Intention to Commence Action pursuant to Code of Civil Procedure § 364 to DR. PILGRIM, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER HEALTH, and CEP AMERICA – CALIFORNIA DBA VITUITY HOSPITALISTS.

## FACTS COMMON TO ALL CAUSES OF ACTION

40. On Wednesday, November 27, 2019, Plaintiff was in mental distress at home in the City of Roseville and expressing suicidal ideations. Following the recommendations of

Plaintiff's medical providers, Plaintiff's mother called 9-1-1 at approximately 9:40 a.m.

41.　　At approximately 9:56 a.m., Officers GARY SMITH and CURTIS WATKINS arrived at Plaintiff's home, made contact, found Plaintiff to be paranoid, anxious, and fidgety, and restrained Plaintiff.  Officers GARY SMITH and CURTIS WATKINS called for back-up and Officer ADRIAN COGHLAN, Lieutenant BRIAN LEWIS, Officer DANIEL TIMONEY, Officer DARRYL LOPEZ, Officer DERRICK PHELPS, Sergeant JAMES HAGGERTY, Officer LEE HENDRICK and Officer SETH ADDINGTON arrived at the scene.  Despite being dispatched for mental health issues and being told Plaintiff was not under the influence or any substance, the Roseville Police Department officers arrested Plaintiff and placed him in a police vehicle.

42.　　At approximately 10:18 a.m., Roseville Police Department officers, including but not limited to Officer ADRIAN COGHLAN and Officer GARY SMITH, transported Plaintiff to SUTTER ROSEVILLE MEDICAL CENTER, located at 1 Medical Plaza Drive in the City of Roseville, arriving at approximately 10:51 a.m.

43.　　Officer ADRIAN COGHLAN and Officer GARY SMITH presented Plaintiff to DR. PILGRIM at SUTTER ROSEVILLE MEDICAL CENTER for medical clearance for incarceration.

44.　　At 10:58 a.m., Defendant DR. PILGRIM provided the Roseville Police Department officers with medical clearance to transport Plaintiff to South Placer Correctional Facility.  DR. PILGRIM did not provide an adequate medical, mental, and/or psychiatric evaluation of Plaintiff before providing medical clearance.

45.　　Officer ADRIAN COGHLAN and Officer GARY SMITH knew or should have known that DR. PILGRIM did not provide an adequate medical, mental, and/or psychiatric evaluation of Plaintiff before providing medical clearance.

46.　　Roseville Police Department officers then transported Plaintiff to South Placer Correctional Facility for booking, arriving at approximately 11:35 a.m.

47.　　At approximately 11:45 a.m., a South Placer Correctional Facility employee, agent, representative or contractor, who was responsible for doing a medical evaluation to

determine if Plaintiff was "fit for jail" or if he required medical assistance, cleared Plaintiff for jail. This person found him fit for jail and did not perform an adequate medical, mental, and/or psychiatric evaluation and instead improperly authorized Plaintiff to be put into a holding cell for "sobering," when he was not under the influence of any substance.

48. On Friday, November 29, 2019, upon realizing that the Roseville Police Department had not communicated it to the South Placer Correction Facility, a representative for Plaintiff's family stated to a South Placer Correctional Facility employee, agent, representative or contractor that Plaintiff was suicidal, which was the reason the police were called in the first place. Only then did South Placer Correctional Facility place Plaintiff on a safety watch.

49. On November 29, 2019, a nurse or other employee, agent, representative or contractor employed at South Placer Correctional Facility contacted Plaintiff's family to drop off his psychiatric medication, but, when Plaintiff's family arrived, South Placer Correctional Facility refused to accept the medication.

50. Upon information and belief, while in custody at South Placer Correctional Facility, Plaintiff was not provided proper medical, mental, and/or psychiatric evaluation, treatment, or care, including but not limited to medication.

51. Plaintiff needed medical, psychiatric, and/or mental care, including but not limited to a 5150 hold.

52. As a result of Defendants' acts and omissions and violations of Plaintiff's civil rights, on Saturday, November 30, 2019, while jailed at South Placer Correctional Facility, Plaintiff pulled his right eye out with his hands.

### *MONELL* ALLEGATIONS

53. The CITY OF ROSEVILLE and COUNTY OF PLACER have a policy and practice of violating the Constitutional and California State rights of citizens, arrestees, detainees, and/or inmates in their custody or control and are deliberately indifferent to the fact that these violations subject citizens, arrestees, detainees, and/or inmates to a substantial risk of suffering and serious injury.

54. Based upon the principles set forth in *Monell v. New York City Department of*

*Social Services*, 436 U.S. 658 (1978), CITY OF ROSEVILLE and COUNTY OF PLACER, and each of them, are liable for all injuries sustained by Plaintiff as set forth herein.  CITY OF ROSEVILLE and COUNTY OF PLACER bear liability because their policies, practices and/or customs were a cause of Plaintiff's injuries.  CITY OF ROSEVILLE and COUNTY OF PLACER and their officials maintained, enforced, applied, or permitted one or more of the following official practices, policies or customs:

a) Failure to provide adequate supervision, training, control, and/or discipline to their law enforcement officers, employees, agents, representatives, contractors and other personnel in responding to individuals who were mentally impaired;

b) Failure to provide adequate supervision, training, control, and/or discipline to their law enforcement officers, employees, agents, representatives, contractors and other personnel in providing individuals with adequate medical, mental, and/or psychiatric evaluation, care, and treatment;

c) Failure to provide adequate training and supervision to their law enforcement officers, employees, agents, and other personnel with respect to constitutional limits related to arrest, search, medical care, and detention;

d) Failure to provide adequate training and supervision to their law enforcement officers, employees, agents, representatives, contractors and other personnel with respect to constitutional limits on de-escalation techniques during contacts with the mentally impaired;

e) Failure to adequately investigate, discipline or retrain their law enforcement officers, employees, agents, representatives, contractors and other personnel involved in misconduct;

f) Failure to provide adequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants' law enforcement officers, employees, agents, representatives, contractors and other personnel;

g) Encouragement of their law enforcement officers, employees, agents, representatives, contractors and other personnel in the belief that they can violate the rights of persons,

such as Plaintiff, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

h) Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint; and

i) Failure to provide adequate medical evaluation and treatment, including medical, mental, and/or psychiatric evaluation and treatment.

55.     For instance, between August 11, 2015 and August 14, 2018, numerous inmates were assaulted by COUNTY OF PLACER sheriffs and left injured and without medical care in their cells.

56.     In May 2017, three COUNTY OF PLACER sheriffs burst into the holding cell containing Paul Bangert, a mentally-ill man.  The guards tased, punched, and chocked him, and left him unconscious and without medical care in his cell.  When a lawsuit was brought on behalf of the homeless man, it was discovered that the COUNTY OF PLACER had altered the surveillance video and falsified reports to remove evidence of the assault.

57.     On July 14, 2016, Brendan Coleman, a former Marine was detained by COUNTY OF PLACER for resisting arrest while sleeping in his truck during a break in a long drive.  The Marine alleged that he was forced to lay down on the jail floor, kicked in the ribs, and kneed in his shoulder and back.  The Marine was left injured in his cell for six to seven hours afterwards without medical care.

58.     In another case alleging excessive force during an arrest, it was discovered that videos had been altered and/or were missing portions which would have depicted the arrest by the COUNTY OF PLACER sheriffs.

## **DAMAGES**

59.     As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer personal injuries as a result of the incident including physical injury, disfigurement, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily

activities and obtaining the full enjoyment of life; has sustained loss of earnings, loss of earning capacity and benefits; and/or has incurred and will continue to incur expenses including costs for medical treatment and services, medications, incidental expenses, sundries and psychological treatment, therapy and counseling, and loss of household services.  Plaintiff has sustained personal injuries and economic and noneconomic damages, and continues to incur these damages, the full nature and extent of which are not yet known to Plaintiff, and leave is requested to amend this Complaint to conform to proof at trial.

60.     As a further direct and proximate result of the violation of his civil rights and personal injuries, Plaintiff has been generally damaged in a sum in excess of $10,000,000.

61.     Plaintiff is entitled to pre-judgment interest on said damages attributable to an ascertainable economic value pursuant to Cal. Civ. Code § 3288.  Plaintiff has lost prejudgment interest pursuant to applicable federal laws and Cal. Civ. Code § 3291, the exact amount of which Plaintiff prays leave to insert herein when finally ascertained and to confirm to proof at trial.

**FIRST CAUSE OF ACTION FOR FAILURE TO PROVIDE**
**MEDICAL CARE - 42 U.S.C. § 1983 (FOURTH, EIGHTH &**
**FOURTEENTH AMENDMENTS)**
**AGAINST DEFENDANTS CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS,**
**ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ,**
**DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON,**
**JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS,**
**CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED,**
**AND DOES 1-150 AND DOES 201-250**

62.     Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

63.     Plaintiff had a civil right to medical, psychiatric, and/or mental care.  Plaintiff is informed and believes and thereon alleges that his civil rights were violated as a result of the acts and omissions of Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN,

BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES
HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, DEVON BELL,
DAVID POWERS, CFMG, and DOES 1-150 and 201-250, and each of them.

64.     Officers employed by the CITY OF ROSEVILLE, including but not limited to
GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL
TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK,
SETH ADDINGTON, JAMES MACCOUN, and DOES 1-50, and each of them, and acting
under the color of state law, violated Plaintiff's Fourth, Eighth and Fourteenth Amendment rights
to medical care by acting with deliberate indifference and failing to obtain proper medical,
psychiatric, and/or mental care for Plaintiff and subjecting him to cruel and unusual punishment
when it was apparent he was in need of medical attention.

65.     Officers employed by the CITY OF ROSEVILLE, including but not limited to
GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL
TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK,
SETH ADDINGTON, JAMES MACCOUN, and DOES 1-50, and each of them, and acting
under the color of state law, violated Defendants CITY OF ROSEVILLE and COUNTY OF
PLACER's own official policies, regulations, rules, and/or customs by acting with deliberate
indifference and failing to obtain medical, psychiatric, and/or mental care for Plaintiff when it
was apparent he was in need of medical attention.

66.     Sheriffs, nurses, and others employed as employees, agents, representatives
and/or contractors by the COUNTY OF PLACER and/or CFMG, including but not limited to
DEVON BELL, DAVID POWERS and DOES 51-150 and 201-250, and each of them, and acting
under the color of state law, violated Plaintiff's Fourth, Eighth and Fourteenth Amendment rights
to medical care by acting with deliberate indifference and failing to obtain medical, psychiatric,
and/or mental care for Plaintiff and subjected to him to cruel and unusual punishment when it
was apparent that he was in need of medical attention.

67.     Sheriffs, nurses, and others employed as employees, agents, representatives
and/or contractors by the COUNTY OF PLACER and/or CFMG, including but not limited to

DEVON BELL, DAVID POWERS and DOES 1-150 and 201-250, and each of them, and acting under the color of state law, violated Defendant COUNTY OF PLACER's own official policies, regulations, rules, and/or customs by acting with deliberate indifference and failing to obtain medical, psychiatric, and/or mental care for him when it was apparent that he was in need of medical attention.

68.     Defendants CITY OF ROSEVILLE, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CFMG, and DOES 1-150 and 201-250, and each of them, have inadequate policies, procedures, and practices for identifying citizens, arrestees, detainees, and/or inmates in need of medical, psychiatric, and/or mental treatment and providing appropriate medical, psychiatric, and/or mental treatment. Defendants, and each of them, also failed to appropriately train and supervise staff regarding the provision of treatment to citizens, arrestees, detainees, and/or inmates with mental, psychiatric, or medical issues.

69.     Defendants CITY OF ROSEVILLE, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CFMG, and DOES 1-150 and 201-250, and each of them, have consistently demonstrated deliberate indifference to their constitutional obligation to provide minimally adequate medical care to inmates in their jails. Defendants' failure to correct their policies, procedures, and practices, despite longstanding and repeated notice of significant and dangerous deficiencies, evidences deliberate indifference in the provision of medical treatment.

70.     If Plaintiff is deemed to be a pretrial detainee, Defendant's acts of deliberate indifference in failing to provide medical care to treat Plaintiff's serious medical condition constitutes cruel and unusual punishment in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.

71.     Defendants, and each of them, knew or should have known that Plaintiff was in urgent need of medical, psychiatric, and/or mental evaluation, attention, treatment, and care.

72.     Defendants knew or should have known there was a substantial risk to Plaintiff's health if he went untreated, but repeatedly refused to treat him.  Defendants repeatedly denied Plaintiff proper medical, psychiatric, and/or mental care in repeated violation of his Fourth,

Eighth and Fourteenth Amendment Constitutional rights.

73.     By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants acted with intentional, deliberate, reckless, and callous disregard for Plaintiff's well-being and his Constitutional as well as human rights.

74.     As the result of the repeated denial of medical care, Plaintiff spent his time in Defendants' custody in unnecessary pain, suffering, mental distress, and agony.

75.     As a direct and proximate result of the conduct of Defendants and the Defendants' violation of Plaintiff's civil rights, Plaintiff was harmed and suffered the injuries and damages as alleged herein.

76.     The wrongful acts of Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

77.     Plaintiff is also entitled to statutory civil penalties set forth in 42 U.S.C. Section 1988, attorneys' fees and costs of suit incurred herein.

78.     Defendants, and each of them, acted with malice, oppression and/or fraud in that, among other things, they acted with a willful and conscious disregard for the rights and safety of Plaintiff.  Among other facts set forth herein, despite Defendants knowing, or having information readily available to them, that Plaintiff was suicidal and needed appropriate medical and psychiatric care, they exposed him to an unreasonably dangerous risk of injury, which amounts to a conscious and reckless disregard for his rights and safety. Defendants' conduct was so vile, base or contemptible that it would be looked down on and despised by reasonable people. Defendants acted with oppression in that their despicable conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.  Conscious disregard for purposes of proving oppression does not require willful actions.  The conduct of Defendants, as set forth herein was also fraudulent in that each of them engaged in intentional misrepresentation, deceit or concealment of material facts or information known to them regarding Plaintiff's condition, including being suicidal and need for intervention and medications.

79.     The conduct alleged herein was done in with oppression, fraud, malice and/or deliberate or reckless disregard of Plaintiff's constitutionally protected rights, justifying an award

COMPLAINT FOR DAMAGES

of exemplary damages against Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, DEVON BELL, DAVID POWERS, CFMG, and DOES 1-150 and 201-250 in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment.  An officer, a director, and/or a managing agent of Defendants, and each of them, committed themselves and/or authorized the employees, representative, agents or contractors' wrongful conduct, and/or adopted, ratified or approved the conduct after it occurred.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION FOR FAILURE TO PROTECT FROM HARM – 42 U.S.C. § 1983 ( FOUR & FOURTEENTH AMENDMENT)

**AGAINST DEFENDANTS CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, AND DOES 1-150 and DOES 201-250**

80.     Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

81.     Each Defendant could have taken action to prevent unnecessary harm to Plaintiff but refused or failed to do so.

82.     Defendants CITY OF ROSEVILLE, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CFMG, and DOES 1-150 and 201-250, and each of them, failed to have minimally necessary policies and procedures concerning the adequate assessment, supervision and treatment of Plaintiff, whom they knew or should have known was in need of medical attention for his mental and/or medical condition while in their custody,

control and/or care.

83.     Defendants have consistently demonstrated deliberate indifference to their constitutional obligation to provide minimally adequate medical care to inmates in their custody and/or jail.  Defendants', and each of their, failure to correct their policies, procedures, and practices, despite longstanding and repeated notice of significant and dangerous deficiencies, evidences deliberate indifference in the provision of medical assessment and treatment.

84.     Defendants were specifically on notice and/or should have known that Plaintiff was in need of urgent medical attention.

85.     Defendants failed to obtain and/or necessary medical assessment and treatment to Plaintiff while he was in their custody, control and/or care despite his obvious signs of mental and medical distress.

86.     The acts and/or omissions of Defendants, and each of them, as alleged herein, including but not limited to their failure to provide Plaintiff with appropriate medical assessment and care, failure to promulgate appropriate policies and procedures in order to obtain and/or provide adequate mental health treatment to those in their custody, control and/or care, failure to promulgate appropriate policies and procedures for ensuring that medical staff provided people known to be in distress with adequate and necessary medical treatment, and failure to appropriately train and/or supervise their staff, constituted deliberate indifference to Plaintiff's serious medical needs, health and safety.

87.     As a direct and proximate result of the conduct of Defendants and Defendants' violation of Plaintiff's civil rights, Plaintiff was harmed and suffered the injuries and damages as alleged herein.

88.     The wrongful acts of Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

89.     Defendants, and each of them, acted with malice, oppression and/or fraud in that, among other things, they acted with a willful and conscious disregard for the rights and safety of Plaintiff.  Among other facts set forth herein, despite Defendants knowing, or having information readily available to them, that Plaintiff was suicidal and needed appropriate medical and

COMPLAINT FOR DAMAGES

psychiatric care, they exposed him to an unreasonably dangerous risk of injury, which amounts to a conscious and reckless disregard for his rights and safety. Defendants' conduct was so vile, base or contemptible that it would be looked down on and despised by reasonable people. Defendants acted with oppression in that their despicable conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.  Conscious disregard for purposes of proving oppression does not require willful actions.  The conduct of Defendants, as set forth herein was also fraudulent in that each of them engaged in intentional misrepresentation, deceit or concealment of material facts or information known to them regarding Plaintiff's condition, including being suicidal and need for intervention and medications.

90.     The conduct alleged herein was done in with oppression, fraud, malice and/or deliberate or reckless disregard of Plaintiff's constitutionally protected rights, justifying an award of exemplary damages against Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, DEVON BELL, DAVID POWERS, CFMG, and DOES 1-150 and 201-250 in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment.  An officer, a director, and/or a managing agent of Defendants, and each of them, committed themselves and/or authorized the employees, representative, agents or contractors' wrongful conduct, and/or adopted, ratified or approved the conduct after it occurred.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION FOR FAILURE TO TRAIN –
### 42 U.S.C. § 1983 (FOURTH, EIGHTH & FOURTEENTH AMENDMENT)
### AGAINST DEFENDANTS CITY OF ROSEVILLE, JAMES MACCOUN, COUNTY OF
### PLACER, DEVON BELL, DAVID POWERS, CALIFORNIA FORENSIC MEDICAL
### GROUP, INCORPORATED, AND DOES 1-150 AND DOES 201-250

91.     Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint

as though fully set forth herein.

92.     Employees, agents, representatives and/or contractors of Defendants CITY OF ROSEVILLE,  COUNTY OF PLACER and/or CFMG, who worked at the Roseville Police Department or South Placer Correctional Facility, acting under color of law, have subjected Plaintiff and other persons similarly situated to a pattern of conduct consisting of continuing, widespread and persistent pattern of unconstitutional misconduct.

93.     Defendants CITY OF ROSEVILLE, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CFMG, and DOES 1-150 and 201-250, and each of them, have failed to maintain adequate and proper training necessary to educate and/or have failed to train deputies and medical staff as to the Constitutional rights of detainees and inmates, under the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution, to prevent the consistent and systematic failure to provide medical care, and to train their deputies properly on welfare or cell checks.

94.     There has been an official policy of acquiescence in the wrongful conduct. Defendants failed to promulgate corrective policies and regulations in the face of repeated Constitutional violations.

95.     Defendants, and each of them, failed to train officers, deputies, medical and psychiatric doctors and nurses, and other employees, agents, representatives and/or contractors on the necessary care of inmates suffering from serious medical conditions, and they failed to implement policies and procedures with respect to proper training.

96.     Plaintiff is informed and believes and thereon alleges that Plaintiff is not the first or last person in custody known to have suffered psychiatric episodes which went unrecognized and untimely treated by Defendants.

97.     Defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

98.     The failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of Plaintiff and others in his position.

99.     Despite their knowledge of previous instances of untreated psychiatric episodes or

mental health concerns in the jails, Defendants failed to properly train or retrain their deputies and medical staff to prevent further exacerbation of injuries of detainees and/or inmates.

100.    The constitutionally infirm lack of adequate training as to the individual defendants in this case caused Plaintiff harm.

101.    The inadequate training by Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

102.    As a direct and proximate result of the Defendants' violation of Plaintiff's civil rights, Plaintiff was harmed and suffered the injuries and damages as alleged herein.

103.    Defendants, and each of them, acted with malice, oppression and/or fraud in that, among other things, they acted with a willful and conscious disregard for the rights and safety of Plaintiff.  Among other facts set forth herein, despite Defendants knowing, or having information readily available to them, that Plaintiff was suicidal and needed appropriate medical and psychiatric care, they exposed him to an unreasonably dangerous risk of injury, which amounts to a conscious and reckless disregard for his rights and safety. Defendants' conduct was so vile, base or contemptible that it would be looked down on and despised by reasonable people. Defendants acted with oppression in that their despicable conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.  Conscious disregard for purposes of proving oppression does not require willful actions.  The conduct of Defendants, as set forth herein was also fraudulent in that each of them engaged in intentional misrepresentation, deceit or concealment of material facts or information known to them regarding Plaintiff's condition, including being suicidal and need for intervention and medications.

104.    The conduct alleged herein was done in with oppression, fraud, malice and/or deliberate or reckless disregard of Plaintiff's constitutionally protected rights, justifying an award of exemplary damages against Defendants JAMES MACCOUN, DEVON BELL, DAVID POWERS, CFMG, and DOES 1-150 and 201-250 in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment.  An officer, a director, and/or a managing agent of Defendants, and each of them, committed themselves and/or authorized the employees, representative, agents

or contractors' wrongful conduct, and/or adopted, ratified or approved the conduct after it occurred.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

**FOURTH CAUSE OF ACTION FOR SUPERVISORY LIABILITY –**

**42 U.S.C. § 1983 (FOURTH, EIGHTH & FOURTEENTH AMENDMENTS)**

**AGAINST DEFENDANTS CITY OF ROSEVILLE, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, AND DOES 1-150 AND 201-250**

105.    Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

106.    Plaintiff's rights were violated as discussed herein.

107.    Plaintiff is informed and believes and thereon alleges that Defendants CITY OF ROSEVILLE, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CFMG, and DOES 1-150 and 201-250, and each of them, were present and approved the acts of the deputies, employees, agents, representatives and/or contractors.  Plaintiff is informed and believes and thereon alleges that acts and omissions by the deputies or officers were punitive in nature, in violation of City or County policy, and inappropriate.

108.    Defendants failed to properly supervisor their subordinates.

109.    Defendants knew or reasonably should have known of the unconstitutional conduct of their subordinates, including the inadequate policies and procedures for screening, placement, and monitoring of detainees.

110.    Defendants were the people who either made the decision, committed the acts, and/or later personally ratified the decision or acts that led to the deprivation of Plaintiff's rights.

111.    Defendants' acts or decisions were a conscious and deliberate choice to follow a course of action from among various alternatives.

112.    Defendants made the decision, committed the acts, and/or approved the decision or acts with knowledge that they violated Plaintiff's rights.

113.    Defendants knew or reasonably should have known that the unconstitutional conduct of their subordinates posed a risk of harm to the inmates in the jail.

114.    The culpable actions or inactions of Defendants, as the persons answerable for the detainees' safekeeping, deprived Plaintiff of his constitutional rights under the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution and amounted to reckless and callous indifference to his rights.

115.    As a direct and proximate result of the Defendants' violation of Plaintiff's civil rights, Plaintiff was harmed and suffered the injuries and damages as alleged herein.

116.    The inadequate supervision by Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

117.    Plaintiff is also entitled to statutory civil penalties set forth in 42 U.S.C. Section 1988, attorneys' fees and costs of suit incurred herein.

118.    Defendants, and each of them, acted with malice, oppression and/or fraud in that, among other things, they acted with a willful and conscious disregard for the rights and safety of Plaintiff.  Among other facts set forth herein, despite Defendants knowing, or having information readily available to them, that Plaintiff was suicidal and needed appropriate medical and psychiatric care, they exposed him to an unreasonably dangerous risk of injury, which amounts to a conscious and reckless disregard for his rights and safety. Defendants' conduct was so vile, base or contemptible that it would be looked down on and despised by reasonable people. Defendants acted with oppression in that their despicable conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.  Conscious disregard for purposes of proving oppression does not require willful actions.  The conduct of Defendants, as set forth herein was also fraudulent in that each of them engaged in intentional misrepresentation, deceit or concealment of material facts or information known to them regarding Plaintiff's condition, including being suicidal and need for intervention and medications.

119.    The conduct alleged herein was done in with oppression, fraud, malice and/or deliberate or reckless disregard of Plaintiff's constitutionally protected rights, justifying an award of exemplary damages against Defendants in an amount according to proof at the time of trial in

order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment.  An officer, a director, and/or a managing agent of Defendants, and each of them, committed themselves and/or authorized the employees, representative, agents or contractors' wrongful conduct, and/or adopted, ratified or approved the conduct after it occurred. An award of punitive damages in a sum according to proof at trial is, therefore, justified, warranted and appropriate under the facts and circumstances of this case against all Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## FIFTH CAUSE OF ACTION FOR MONELL – MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY
## 42 U.S.C. § 1983 (FOURTH, EIGHTH, & FOURTEENTH AMENDMENT)
**AGAINST DEFENDANTS CITY OF ROSEVILLE, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, AND DOES 1-100 AND DOES 201-250**

120.    Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

121.    On information and belief, the conduct of Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, AND DOES 1-50 and 201-250, individually and as peace officers, employees, agents, representatives and/or contractors was perpetuated, sanctioned, and/or ratified by one or more of CITY OF ROSEVILLE's police department supervisorial officers, including but not limited to JAMES MACCOUN and/or DOES 1-50.

122.    On information and belief the conduct of employees, agents, representatives and/or contractors of Defendants COUNTY OF PLACER, CFMG and/or DOES 51-150 and 201-250, individually and as officers, employees, agent, representatives and/or contractors was perpetuated, sanctioned, and/or ratified by one or more of COUNTY OF PLACER's Sheriff's Office supervisorial officers, including but not limited to DEVON BELL, DAVID POWERS and/or DOES 51-100.

123.    On information and belief, none of the Defendants named herein were disciplined for the acts and omissions that led to Plaintiff's harm.

124.    One or more of Defendants, individually and as peace officers, employees, agents, representatives and/or contractors of CITY OF ROSEVILLE and/or COUNTY OF PLACER, deprived Plaintiff of the rights and liberties secured to him by the Fourth, Eighth, and/or Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless, deliberate indifference to and conscious disregard for the rights and liberties of the public in general, and of Plaintiff, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a) Failure to provide adequate supervision, training, control, and/or discipline to their law enforcement officers, employees, agents, representatives, contractors and other personnel in responding to individuals who were mentally impaired;

b) Failure to provide adequate supervision, training, control, and/or discipline to their law enforcement officers, employees, agents, representatives, contractors and other personnel in providing individuals with adequate medical, mental, and/or psychiatric evaluation, care, and/or treatment;

c) Failure to provide adequate training and supervision to their law enforcement officers, employees, agents, representatives, contractors and other personnel with respect to constitutional limits related to arrest, search, medical care, and detention;

d) Failure to provide adequate training and supervision to their law enforcement officers, employees, agents, representatives, contractors and other personnel with respect to constitutional limits on de-escalation techniques during contacts with the mentally impaired;

e) Failure to adequately investigate, discipline or retrain their law enforcement officers, employees, agents, representatives, contractors and other personnel involved in misconduct;

f) Failure to provide adequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants' law enforcement officers, employees, agents, representatives, contractors and other personnel;

g) Encouragement of their law enforcement officers, employees, agents, representatives, contractors and other personnel in the belief that they can violate the rights of persons, such as Plaintiff, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

h) Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint; and

i) Failure to provide adequate medical evaluation and treatment, including medical, mental, and/or psychiatric evaluation and treatment.

125.    By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, employees, agents, representatives and/or contractors of CITY OF ROSEVILLE, CFMG and/or COUNTY OF PLACER, Plaintiff was severely harmed and suffered the injurie and damages alleged herein.

126.    Defendants, individually and as peace officers, employees, agents, representatives and/or contractors of CITY OF ROSEVILLE, CFMG and/or COUNTY OF PLACER together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with conscious disregard and deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

127.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers, employees, agents, representatives and/or contractors of CITY OF ROSEVILLE, CFMG and/or COUNTY OF PLACER; acted with an intentional, reckless, and callous disregard for the rights and safety of

Plaintiff.  Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

128.     Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers, employees, agents, representatives and/or contractors of CITY OF ROSEVILLE, CFMG and/or COUNTY OF PLACER, were affirmatively linked to and were significantly influential force behind the injuries of Plaintiff.

129.     By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, and as peace officers, employees, agents, representatives and/or contractors of CITY OF ROSEVILLE, CFMG and/or COUNTY OF PLACER, Plaintiff was caused to suffer the injuries and damages alleged herein.

130.     Defendants' acts and/or omissions were a substantial factor in causing Plaintiff's harm.

131.     Accordingly, Defendants, individually and as peace officers, employees, agents, representatives and/or contractors of CITY OF ROSEVILLE and/or COUNTY OF PLACER, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

**SIXTH CAUSE OF ACTION FOR UNREASONABLE SEARCH AND SEIZURE –**
**42 U.S.C. § 1983 (FOURTH AMENDMENT)**
**AGAINST DEFENDANTS CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS,**
**ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ,**
**DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON,**
**JAMES MACCOUN, AND DOES 1-50**

132.     Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

133.     Plaintiff had a clearly established right under the Fourth Amendment to be free from unreasonable search or seizure.

134.     Defendants CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, and DOES 1-50, and each of them, violated Plaintiff's Fourth Amendment right when they arrested him without probable cause.

135.     Plaintiff was not engaged in any unlawful activity when the CITY OF ROSEVILLE police officers arrived on scene.

136.     There were no particular facts and circumstances that would warrant a reasonable officer to conclude that Plaintiff had committed a crime.

137.     There was no individualized suspicion to justify a seizure or detention of Plaintiff.

138.     Defendants had no constitutional basis to arrest Plaintiff.

139.     Defendants falsely arrested Plaintiff without probable cause in violation of his constitutionally protected rights under the Fourth Amendment.

140.     At all times herein, Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, and DOES 1-50, and each of them, were acting within their scope and employment as law enforcement officers for the CITY OF ROSEVILLE is liable for the conduct of said defendants.

141.     Defendants, acting under color of state law, knew that arresting Plaintiff without probable cause in these circumstances was illegal under clearly established law.

142.     The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants have legally, proximately, foreseeably, and actually caused Plaintiff's injuries.

143.     As a direct and proximate result of the Defendants' violation of Plaintiff's civil rights, Plaintiff was harmed and suffered the injuries and damages as alleged herein.

144.     The wrongful acts of Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

145.     Defendants, and each of them, acted with malice, oppression and/or fraud in that, among other things, they acted with a willful and conscious disregard for the rights and safety of Plaintiff.  Among other facts set forth herein, despite Defendants knowing, or having information readily available to them, that Plaintiff was suicidal and needed appropriate medical and psychiatric care, they exposed him to an unreasonably dangerous risk of injury, which amounts to a conscious and reckless disregard for his rights and safety. Defendants' conduct was so vile, base or contemptible that it would be looked down on and despised by reasonable people. Defendants acted with oppression in that their despicable conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.  Conscious disregard for purposes of proving oppression does not require willful actions.  The conduct of Defendants, as set forth herein was also fraudulent in that each of them engaged in intentional misrepresentation, deceit or concealment of material facts or information known to them regarding Plaintiff's condition, including being suicidal and need for intervention and medications.

146.     The conduct alleged herein was done in with oppression, fraud, malice and/or deliberate or reckless disregard of Plaintiff's constitutionally protected rights, justifying an award of exemplary damages against Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN and DOES 1-50 in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment.  An officer, a director, and/or a managing agent of Defendants, and each of them, committed themselves and/or authorized the employees, representative, agents or contractors' wrongful conduct, and/or adopted, ratified or approved the conduct after it occurred.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

///

///

///

**<u>SEVENTH CAUSE OF ACTION FOR UNLAWFUL ARREST –</u>**

**42 U.S.C. § 1983 (FOURTH AMENDMENT)**

**AGAINST DEFENDANTS CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS,**

**ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ,**

**DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON,**

**JAMES MACCOUN, AND DOES 1-50**

147.    Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

148.    Plaintiff had a clearly established right under the Fourth Amendment to be free from unreasonable seizure.

149.    Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, and DOES 1-50, and each of them, violated Plaintiff's Fourth Amendment right when they arrested him without probable cause.

150.    Plaintiff was not engaged in any unlawful activity when the CITY OF ROSEVILLE police officers arrived on scene.

151.    There were no particular facts and circumstances that would warrant a reasonable officer to conclude that Plaintiff had committed a crime.

152.    There was no individualized suspicion to justify a seizure or detention of Plaintiff.

153.    Defendants had no constitutional basis to arrest Plaintiff.

154.    Defendants falsely arrested Plaintiff without probable cause in violation of his constitutionally protected rights under the Fourth Amendment.

155.    At all times herein, Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, and DOES 1-50, and each of them, were acting within their scope and employment as law enforcement officers for the CITY OF ROSEVILLE and the CITY OF ROSEVILLE is liable for the conduct of said defendants.

156.    Defendants, acting under color of state law, knew that arresting Plaintiff without

probable cause in these circumstances was illegal under clearly established law.

157.    The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants have legally, proximately, foreseeably, and actually caused Plaintiff's injuries.

158.    As a direct and proximate result of the Defendants' violation of Plaintiff's civil rights, Plaintiff was harmed and suffered the injuries and damages as alleged herein.

159.    The wrongful acts of Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

160.    Defendants, and each of them, acted with malice, oppression and/or fraud in that, among other things, they acted with a willful and conscious disregard for the rights and safety of Plaintiff.  Among other facts set forth herein, despite Defendants knowing, or having information readily available to them, that Plaintiff was suicidal and needed appropriate medical and psychiatric care, they exposed him to an unreasonably dangerous risk of injury, which amounts to a conscious and reckless disregard for his rights and safety. Defendants' conduct was so vile, base or contemptible that it would be looked down on and despised by reasonable people. Defendants acted with oppression in that their despicable conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.  Conscious disregard for purposes of proving oppression does not require willful actions.  The conduct of Defendants, as set forth herein was also fraudulent in that each of them engaged in intentional misrepresentation, deceit or concealment of material facts or information known to them regarding Plaintiff's condition, including being suicidal and need for intervention and medications.

161.    The conduct alleged herein was done in with oppression, fraud, malice and/or deliberate or reckless disregard of Plaintiff's constitutionally protected rights, justifying an award of exemplary damages against Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, and DOES 1-50 in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct

and to make an example by way of monetary punishment.  An officer, a director, and/or a managing agent of Defendants, and each of them, committed themselves and/or authorized the employees, representative, agents or contractors' wrongful conduct, and/or adopted, ratified or approved the conduct after it occurred.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

**EIGHTH CAUSE OF ACTION FOR FALSE IMPRISONMENT –**

**42 U.S.C. § 1983 (EIGHTH AND FOURTEENTH AMENDMENTS)**

**AGAINST DEFENDANTS CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, AND DOES 1-100**

162.	Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

163.	Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, DEVON BELL, DAVID POWERS and DOES 1-100, intentionally caused Plaintiff to be confined in a patrol car and/or jail against Plaintiff's will.

164.	Defendants employed a physical barrier so that Plaintiff was confined.

165.	Defendants asserted invalid legal authority to falsely imprison Plaintiff.

166.	Plaintiff was aware of the confinement at the time he was confined.

167.	Plaintiff had no reasonable means of escape.

168.	Plaintiff did not consent to the confinement.

169.	GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, and DOES 1-50, and each of them,

were acting within their scope and employment as law enforcement officers for the CITY OF

ROSEVILLE and the CITY OF ROSEVILLE is liable for the conduct of said Defendants.

170.    Defendants DEVON BELL, DAVID POWERS, and DOES 51-100, and each of

them, were acting within their scope and employment as law enforcement officers for the

COUNTY OF PLACER and the COUNTY OF PLACER is liable for the conduct of said

Defendants.

171.    The conduct alleged herein caused Plaintiff to be deprived of his civil rights that

are protected under the United States Constitution, the Eighth and Fourteenth Amendments,

California Constitution, and federal and state laws. The actions of Defendants have legally,

proximately, foreseeably, and actually caused Plaintiff's injuries.

172.    As a direct and proximate result of the Defendants' violation of Plaintiff's civil

rights, Plaintiff was harmed and suffered the injuries and damages as alleged herein.

173.    The wrongful acts of Defendants, and each of them, was a substantial factor in

causing Plaintiff's harm.

174.    Defendants, and each of them, acted with malice, oppression and/or fraud in that,

among other things, they acted with a willful and conscious disregard for the rights and safety of

Plaintiff.  Among other facts set forth herein, despite Defendants knowing, or having information

readily available to them, that Plaintiff was suicidal and needed appropriate medical and

psychiatric care, they exposed him to an unreasonably dangerous risk of injury, which amounts

to a conscious and reckless disregard for his rights and safety. Defendants' conduct was so vile,

base or contemptible that it would be looked down on and despised by reasonable people.

Defendants acted with oppression in that their despicable conduct subjected Plaintiff to cruel and

unjust hardship in conscious disregard of his rights.  Conscious disregard for purposes of proving

oppression does not require willful actions.  The conduct of Defendants, as set forth herein was

also fraudulent in that each of them engaged in intentional misrepresentation, deceit or

concealment of material facts or information known to them regarding Plaintiff's condition,

including being suicidal and need for intervention and medications.

175.    The conduct alleged herein was done in with oppression, fraud, malice and/or

deliberate or reckless disregard of Plaintiff's constitutionally protected rights, justifying an award of exemplary damages against Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, DEVON BELL, DAVID POWERS, and DOES 1-100 in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment.  An officer, a director, and/or a managing agent of Defendants, and each of them, committed themselves and/or authorized the employees, representative, agents or contractors' wrongful conduct, and/or adopted, ratified or approved the conduct after it occurred.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

**NINTH CAUSE OF ACTION FOR FAILURE TO FURNISH/SUMMON MEDICAL CARE AGAINST DEFENDANTS CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, AND DOES 1-150 AND DOES 201-250**

176.     Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

177.     Defendants owed Plaintiff a duty of care to provide him immediate and adequate medical and mental health care.

178.     The conduct of Defendants alleged herein, including but not limited to the fact that Defendants knew or had reason to know that Plaintiff was in need of immediate medical care and that Defendants failed to take reasonable action to summon or provide care, resulting in his injuries and damages alleged herein, violated California state law, including Cal. Govt. Code §§ 844.6 and 845.6.

179.     Defendants failed to assess, evaluate, diagnose and treat Plaintiff's medical and

mental health condition and also failed to timely and appropriately respond to his obvious signs of medical distress while he was locked in a cell without adequate medical care or treatment despite his clear need for medical attention.  Defendants repeatedly failed to address obvious signs of medical distress and ignored the duties of medical staff to treat and monitor Plaintiff.

180.    The conduct of Defendants was committed with the course and scope of their employment.

181.    As a direct and proximate result of the Defendants' acts and omissions, Plaintiff was harmed and suffered the injuries and damages as alleged herein.

182.    The wrongful acts of Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

**TENTH CAUSE OF ACTION FOR NEGLIGENCE**

**AGAINST DEFENDANTS CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, AND DOES 1-150 AND DOES 201-250**

183.    Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

184.    At all times relevant, the employees, agents, representatives and/or contractors of the CITY OF ROSEVILLE and COUNTY OF PLACER, including but not limited to GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, DEVON BELL, DAVID POWERS, CFMG, and DOES 1-150 and 201-250, and each of them, had a duty to exercise prudent care in the conduct of their activities or business.  Defendants, and each of them, had a duty to exercise reasonable care with

respect to evaluating the need for and obtaining medical, psychiatric, and/or mental care for Plaintiff.

185.     Defendants, and each of them, by themselves or through their employees, agents representatives and/or contractors were aware or had reason to know that Plaintiff needed medical, psychiatric, and/or mental care, including but not limited to a 5150 hold.

186.     Said Defendants, and each of them, failed to use reasonable care to prevent harm to Plaintiff, and breached their duty of due care to Plaintiff, when they, *inter alia*, failed to use the degree of care that a reasonable person in the same situation would have used, failed to provide proper medical care and treatment, failed to seek medical attention in a timely manner, and failed to reasonably summon medical, psychiatric, and/or mental care, including but not limited to a 5150 hold, for Plaintiff.

187.     Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, and DOES 1-50 were acting within the scope of their employment for Defendant CITY OF ROSEVILLE and that the CITY OF ROSEVILLE is directly and/or vicariously liable for their actions.

188.     Plaintiff is informed and believes and thereon alleges that Defendants DEVON BELL, DAVID POWERS, CFMG, and DOES 51-150 were acting within the scope of their employment, agency or contract for Defendant COUNTY OF PLACER and that the COUNTY OF PLACER is vicariously liable for their actions.

189.     Defendants either performed the acts stated herein and are individually liable for their individual acts and/or Defendants performed the acts stated herein during the course and scope of their employment, acting under color of law, apparent authority and are individually liable for those acts; and/or Defendants are vicariously liable for each other; and/or Defendants are liable for each other under the doctrine of respondeat superior; and/or Defendants are liable under conspiracy of each other.

190.     Defendants CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK

PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, and DOES 1-50, and each of them, are liable for Plaintiff's injuries pursuant to, but not limited to, California Government Code §§ 815.2, 820, 844.6, 845.6, 855.6, California Welfare and Institutions Code §§ 5000, *et seq.* and Placer County 5150 Emergency Response Protocol.  Defendants are liable for breaches of their duties as set forth herein.  Said Defendants' violations of the aforementioned statutes and protocols caused or contributed to the happening of this incident and resulting injuries and damages to Plaintiff as alleged herein.  The laws so violated were designed and enacted in order to prevent the very incident, injury, and damages sustained by Plaintiff.  Defendants are negligent per se for violation of any and all applicable laws.

191.    Defendants COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CFMG, and DOES 51-150, and each of them, are liable for Plaintiff's injuries pursuant to, but not limited to, California Government Code §§ 815.2, 820, 844.6, 845.6, 855.6, California Welfare and Institutions Code §§ 5000, *et seq.*, Placer County 5150 Emergency Response Protocol, California Penal Code § 4011.6 and the Minimum Standards for Local Detention Facilities under 15 CCR §§ 100, *et seq.*, including but not limited to §§ 1030, 1050, 1052, 1055, 1056, 1200, 1206, 1207, 1208, 1209, and 1217.  Defendants are liable for breaches of their duties as set forth herein.  Said Defendants' violations of the aforementioned statutes and protocols caused or contributed to the happening of this incident and resulting injuries and damages to Plaintiff as alleged herein.  The laws so violated were designed and enacted in order to prevent the very incident, injury, and damages sustained by Plaintiff.  Defendants are negligent per se for violation of any and all applicable laws.

192.    Defendants DOES 201 through 250, inclusive, and each of them, are also negligent and/or otherwise somehow responsible for Plaintiff's injuries and damages described herein.

193.    Additional allegations regarding negligent hiring, supervision and retention include Defendants CITY OF ROSEVILLE, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CFMG, and DOES 1-150 had a duty to hire, supervise, train

and retain employees, agents, representatives, contractors so that they refrain from the conduct and/or omissions alleged herein.

194.    Defendants, and each of them, breached this duty, causing the conduct alleged herein. Such breach constituted negligent hiring, supervision, training and retention under the laws of the State of California.

195.    Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, CFMG, and DOES 1-150 were unfit and/or incompetent to perform the work for which they were hired by CITY OF ROSEVILLE, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, and/or DOES 1-100.

196.    Defendants CITY OF ROSEVILLE, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, and DOES 1-150 knew or should have known that GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, CFMG, and DOES 1-150 were unfit and/or incompetent and that the unfitness or incompetence created a particular risk to others.

197.    The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants have legally, proximately, foreseeably, and actually caused Plaintiff's injuries.

198.    Defendants CITY OF ROSEVILLE, COUNTY OF PLACER, CFMG, and DOES 1-150 and 201-250, and each of their breach of duty of due care, and careless, negligent, wanton, and/or reckless acts and omissions, was the direct and proximate cause of Plaintiff's harm.

199.    As a direct and proximate result of the Defendants' acts, omissions and/or negligence, Plaintiff was harmed and suffered the injuries and damages as alleged herein.

200.    The negligence of Defendants, and each of them, was a substantial factor in causing Plaintiff's injuries and damages alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

hereinafter set forth.

## ELEVENTH CAUSE OF ACTION FOR NEGLIGENCE (CAL. GOV'T CODE § 815.4)
### AGAINST DEFENDANTS CITY OF ROSEVILLE, COUNTY OF PLACER
### AND DOES 1-100

201.    Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

202.    Due to Defendant's independent contractors' failures and breaches, as described herein, Defendants are vicariously liable for the injuries caused by its independent contractors pursuant to Cal. Gov't Code § 815.4.  Pursuant to Section 815.4, Defendants are vicariously liable for Plaintiff's personal injuries and damages resulting from the acts or omissions of an independent contractor, committed by the independent contractor itself or through its employees, agents or representatives, that involve a failure to discharge a nondelegable duty while completing work on behalf of Defendants, by among other things, failing to complete work in a careful manner with reasonable care.  Defendants are also vicariously liable for Plaintiff's personal injuries and damages resulting from the failure of independent contractors, by the independent contractor itself or through its employees, agents or representatives, to take special precautions and prevent against special risks of physical and/or emotional harm to persons in their custody, care and/or control when Defendants knew or should have known such physical and/or emotional harms were likely to occur without special precautions to prevent against the risk of harm.  At all times relevant hereto, Defendants negligently hired and/or contracted with Defendants DOES 1-200 to perform services on their behalf.

203.    At all times relevant hereto, Defendant CITY OF ROSEVILLE was the owner and/or controller of the police force, thereby establishing a nondelegable duty to act reasonably and with due care in their ownership and control and enforcement of the contracts entered into with Defendants DOES 1 through 250, and/or each other.  Defendants DOES 1 through 250, were in the process of or had completed said work under the contracts with said Defendant prior to the incident.  Defendant is vicariously liable for Plaintiff's personal injuries and damages that were caused in whole or part by independent contractors.

204.   At all times relevant hereto, Defendant COUNTY OF PLACER was the owner and/or controller of the South Placer Correctional Facility, thereby establishing a nondelegable duty to act reasonably and with due care in their ownership and control and enforcement of the contracts entered into with Defendants CFMG and DOES 1 through 250, and/or each other. Defendants CFMG and DOES 1 through 250, were in the process of or had completed said work under the contracts with said Defendant prior to the incident.  Defendant is vicariously liable for Plaintiff's personal injuries and damages that were caused in whole or part by independent contractors.

205.   Defendants CFMG and DOES 1 through 250, inclusive, and each of them, negligently performed the work they were hired to undertake and complete on behalf of CITY OF ROSEVILLE and/or COUNTY OF PLACER, by failing to perform work they contracted to do in a careful manner with reasonable care.

206.   At all times relevant hereto, Defendants, and each of them, owed a duty of care to Plaintiff and to others.

207.   Said negligence of Defendants caused or contributed to the occurrence of the incident.  Defendants negligently performed their duties as described herein and failed to warn the Plaintiff of the inappropriate conduct of Defendants' contractors.  Said Defendants are liable for breaches of their duties as set forth herein.

208.   It was reasonably foreseeable that as a direct and proximate result of said acts, omissions and negligence of Defendants, and each of them, and each of their breach of duties, that Plaintiff would suffer injuries and damages.

209.   As a direct and proximate result of the acts, omissions and negligence of Defendants, Plaintiff suffered the injuries and damages alleged herein.

210.   Defendants' acts, omissions and negligence were a substantial factor in causing Plaintiff' harm, injuries and damages as set forth herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

///

## TWELTH CAUSE OF ACTION FOR FAILURE TO PERFORM MANDATORY DUTY
## (CAL GOV'T CODE § 815.6)

**AGAINST DEFENDANTS CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, AND DOES 1-100**

211.    Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

212.    Defendants CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, AND DOES 1-100, and each of them, had, or had reason to have, actual knowledge that Plaintiff was in need of medical care for his serious medical condition.

213.    Pursuant to Government Code § 815.6, Defendants are liable for Plaintiffs' injuries and damages proximately caused by the failure to discharge the mandatory duties as alleged herein.

214.    As a public entity, Defendants were under mandatory duties imposed by certain enactments that were designed to protect against the risk of the particular kind of injuries and damages suffered by Plaintiffs as a result of the incident.

215.    California Government Code § 845.6 creates an affirmative duty for public entity employees "to furnish or obtain medical care for a prisoner in his custody." Plaintiff required prompt medical attention from Defendants. Defendants had actual or constructive knowledge of Plaintiff's need for prompt medical attention and deliberately chose to not furnish care to Plaintiff. Defendants failed to discharge the duty imposed upon them by California Government Code § 845.6. Therefore, Defendants did not make reasonable efforts or exercise reasonable diligence to perform their mandatory duties imposed under the above enactments to prevent this foreseeable incident and failed to perform their mandatory duties imposed by said enactments.

216.    Defendants are liable for their employees' breaches of duty to summon required medical care while acting in the course and scope of their employment.

217.    Defendants' failure to perform their mandatory duties was a substantial factor in causing Plaintiff's injuries and damages alleged herein.

218.    As a direct and proximate result of the Defendants' failure to perform mandatory duties, Plaintiff was harmed and suffered the injuries and damages as alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

**THIRTEENTH CAUSE OF ACTION FOR PROFESSIONAL NEGLIGENCE AGAINST DEFENDANTS ASHELY JOEL PILGRIM, M.D., SUTTER ROSEVILLE MEDICAL CENTER, SUTTER HEALTH, CEP AMERICA – CALIFORNIA DBA VITUITY HOSPITALISTS, COUNTY OF PLACER, CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, AND DOES 51-250**

219.    Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

220.    Defendants ASHLEY JOEL PILGRIM, M.D., SUTTER ROSEVILLE MEDICAL CENTER, SUTTER HEALTH, CEP AMERICA – CALIFORNIA DBA VITUITY HOSPITALISTS, COUNTY OF PLACER, CFMG, and DOES 51-250, are in the business of providing medical services and treatment, including but not limited to proper medical evaluation, diagnosis and treatment to the general population, including Plaintiff.

221.    Defendants ASHLEY JOEL PILGRIM, M.D., SUTTER ROSEVILLE MEDICAL CENTER, SUTTER HEALTH, CEP AMERICA – CALIFORNIA DBA VITUITY HOSPITALISTS, COUNTY OF PLACER, CFMG and DOES 51-250, and each of them, held themselves out to possess that degree of skill, learning, ability and competence ordinarily possessed by reputable health care providers.

222.    Defendants ASHLEY JOEL PILGRIM, M.D., SUTTER ROSEVILLE MEDICAL CENTER, SUTTER HEALTH, CEP AMERICA – CALIFORNIA DBA VITUITY HOSPITALISTS, and DOES 101-250, and each of them, provided, alleged to provide, and/or

delayed medical care to Plaintiff on November 27, 2019.

223.    Defendants COUNTY OF PLACER, CFMG, and DOES 51-150 and DOES 201-250, and each of them, provided, alleged to provide, and/or delayed medical care to Plaintiff on November 27, 2019 through and including November 30, 2019.

224.    Individual employees, agents, representatives and/or contractors of SUTTER ROSEVILLE MEDICAL CENTER, SUTTER HEALTH, CEP AMERICA – CALIFORNIA DBA VITUITY HOSPITALISTS, COUNTY OF PLACER, and CFMG, acting within the course and scope of their employment, agents, representatives and/or contractors provided, alleged to provide, and/or delayed medical care to Plaintiff.

225.    Defendants ASHELY JOEL PILGRIM, M.D., SUTTER ROSEVILLE MEDICAL CENTER, SUTTER HEALTH, CEP AMERICA – CALIFORNIA DBA VITUITY HOSPITALISTS, COUNTY OF PLACER, CFMG, and DOES 51-250, and each of them, are liable and responsible for the actions, omissions and negligence of their employees, agents, representatives, contractors, directors and partners.

226.    Defendants, and each of them, failed to appropriately supervise, review and ensure the competence of medical staff's provision of treatment of Ms. Gillis, and failed to enact appropriate standards and procedures that would have prevented such harm to her.

227.    At all times mentioned herein, Defendants, and each of them, were under a duty to use the same level of skill, knowledge and care in the diagnosis and treatment of Plaintiff that other reasonably careful licensed practitioners would have provided in the same or similar circumstances.

228.    At all times mentioned herein, Defendants breached their duty of care to Plaintiff by negligently failing to exercise the proper degree of knowledge and skill in examining, diagnosing, treating and caring for Plaintiff such that Plaintiff was caused to suffer the injuries and damages set forth herein.

229.    The negligence and carelessness of Defendants, and each of them, consisted of their failure to use that degree of skill and care ordinarily used by healthcare professionals engaged in the practice of their profession in the same or similar locality and under the same or

similar circumstances.

230.    Defendants, and each of them, negligently:

(a)    Failed to properly and/or fully evaluate Plaintiff for medical, psychiatric, and/or mental concerns before, during, and/or after clearing him for detention at South Placer Correctional Facility;

(b)    Failed to protect against the risk of further injury; and

(c)    Failed to provide procedures, policies, facilities, supplies, and/or qualified personnel reasonably necessary for the evaluation and/or treatment of patients like Plaintiff.

231.    Defendants, and each of them, were negligent.

232.    Pursuant to Cal. Gov't Code § 844.6(d), Defendants DOES 51-100 are liable for injury proximately caused by their negligent or wrongful acts or omissions as public employees of Defendant COUNTY OF PLACER.

233.    Pursuant to Cal. Gov't. Code § 815.2, Defendant COUNTY OF PLACER is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment if the act or omission would have given rise to a cause of action against that employee.

234.    The negligence of Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

235.    As a direct and proximate result of the Defendants' negligent conduct, Plaintiff was harmed and suffered the injuries and damages as alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

///
///
///

COMPLAINT FOR DAMAGES

**FOURTEENTH CAUSE OF ACTION FOR VIOLATION OF BANE CIVIL RIGHTS ACT**

**(CAL. CIV. CODE § 52.1)**

**AGAINST DEFENDANTS CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS,**

**ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ,**

**DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON,**

**JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS,**

**CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED,**

**AND DOES 1-150 AND DOES 201-250**

236.    Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

237.    The California Legislature declared that it violates state civil rights act for any person to interfere with the exercise or enjoyment by an individual of his/her rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion, or attempted threats, intimidation or coercion.

238.    Plaintiff had a firmly established right to be free from cruel and unusual punishment and punishment without due process under the provisions in the California Constitution.

239.    Defendants interfered with Plaintiff's rights under the Fourteenth Amendment of the United States Constitution by the denial of medical care, and the equivalent provisions of the California Constitution.

240.    Defendants violated Plaintiff's rights by punishing him by taking him into custody when he was having a psychiatric episode.  Instead of placing Plaintiff in a 5150 hold or taking him for psychiatric care and treatment, Defendants CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, and DOES 1-50 punished him and intimidated him by placing him in a police vehicle, holding cell and/or sobering cell.

241.    Defendants COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CFMG,

and DOES 51-150 medically cleared him to be placed in the holding cell rather than obtaining necessary medical, psychiatric or mental care.

242.    Defendants DOES 201 through 250, inclusive, and each of them, are also negligent and/or otherwise somehow responsible for Plaintiff's injuries and damages described herein.

243.    Cal. Civ. Code § 43 provides an individual "the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations."

244.    The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws.

245.    Defendants acts and omissions were a substantial factor in causing Plaintiff's harm.

246.    As a direct and proximate result of the Defendants' violation of Plaintiff's civil rights, Plaintiff was harmed and suffered the injuries and damages as alleged herein.

247.    Plaintiff is also entitled to statutory civil penalties set forth in Civil Code Section 52, attorneys' fees and costs of suit incurred herein.

248.    Plaintiff is also entitled to statutory civil penalties set forth in 42 U.S.C. Section 1988, attorneys' fees and costs of suit incurred herein.

249.    Defendants, and each of them, acted with malice, oppression and/or fraud in that, among other things, they acted with a willful and conscious disregard for the rights and safety of Plaintiff.  Among other facts set forth herein, despite Defendants knowing, or having information readily available to them, that Plaintiff was suicidal and needed appropriate medical and psychiatric care, they exposed him to an unreasonably dangerous risk of injury, which amounts to a conscious and reckless disregard for his rights and safety. Defendants' conduct was so vile, base or contemptible that it would be looked down on and despised by reasonable people. Defendants acted with oppression in that their despicable conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.  Conscious disregard for purposes of proving

oppression does not require willful actions.  The conduct of Defendants, as set forth herein was also fraudulent in that each of them engaged in intentional misrepresentation, deceit or concealment of material facts or information known to them regarding Plaintiff's condition, including being suicidal and need for intervention and medications.

250.    The conduct alleged herein was done in with oppression, fraud, malice and/or deliberate or reckless disregard of Plaintiff's constitutionally protected rights, justifying an award of exemplary damages against Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, DEVON BELL, DAVID POWERS, CFMG, and DOES 1-150 and 201-250 in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment.  An officer, a director, and/or a managing agent of Defendants, and each of them, committed themselves and/or authorized the employees, representative, agents or contractors' wrongful conduct, and/or adopted, ratified or approved the conduct after it occurred.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff generally prays judgment against Defendants as follows:

1.    For all general and noneconomic damages according to proof, including but not limited to Plaintiffs' past and future pain and suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief or humiliation, emotional distress, annoyance and discomfort caused by the injury to their peaceful enjoyment of the property that they occupy.

2.    For all special and economic damages according to proof, including but not limited to emergency medical treatment, medical and hospital care, incidental expenses, doctors, radiological and imaging studies, physical therapy, rehabilitation, attendant care, nursing care, medicine, medical equipment and supplies, prosthetics, loss of household services, lost wages and diminution of earning capacity and benefits.

3.    For pre-judgment interest according to proof, pursuant to Federal law and California Civil Code §§ 3287, 3288 and 3291.

4.    For attorneys' fees pursuant to 42 U.S.C. Section 1988 and/or Civil Code Section 52 where appliable.

5.    For punitive damages against Defendants GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, DEVON BELL, DAVID POWERS, CFMG, and DOES 1-150 and 201-250 where appliable, including but not limited to the First, Second, Third, Fourth, Sixth, Seventh, Eighth, and Fourteenth Causes of Action.

6.    For Plaintiff's cost of suit herein.

7.    For such other and further relief as to this Court seems just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff demands a trial by jury.

DATED:  November 20, 2020                FIORE ACHERMANN, A LAW CORP.

By:   /s/ Jennifer Fiore
        Jennifer Fiore, Esq.
        *Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES