Jennifer Fiore, Esq. (SBN: 203618)
Sophia Achermann, Esq. (SBN: 262712)
Alexandra A. Hamilton, Esq. (SBN: 280834)
FIORE ACHERMANN, A Law Corp.
340 Pine Street, Suite 503
San Francisco, CA 94104
Tel./Fax: (415) 550-0650
Email:  jennifer@theFAfirm.com
        sophia@theFAfirm.com
        alexandra@theFAfirm.com

Richard Margarita, Esq. (SBN: 175819)
LAW OFFICE OF RICHARD P. MARGARITA
4750 J Street, Suite 19153
Sacramento, CA 95819
Tel: (916) 248-8570
Fax: (888) 346-7927
Email: richardmargarita@sbcglobal.net

Attorneys for Plaintiff
ALEJANDRO ARCEO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ARCEO; and<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ROSEVILLE; et al.,<br><br>Defendants. | No. 2:20-cv-02334-TLN-DB<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

In order to protect the confidentiality of personal, private and highly sensitive information regarding Plaintiff that is obtained by the parties in connection with this case, the parties hereby agree as follows:

**SCOPE OF PROTECTIVE ORDER**

1. IT IS HEREBY STIPULATED that any and all information regarding Plaintiff's medical records related to his mental and/or psychiatric health, including any treatment records, shall be confidential and subject to this Protective Order (hereinafter "Confidential Information.") This Confidential Information includes, but is not limited to, any and all facts regarding the nature, extent, location and duration of any injuries and any and all medical, psychiatric, and/or psychological treatment for, consequences of, and sequelae therefrom.

**TERMS AND CONDITIONS**

2. Any party or non-party may designate as "Confidential Information" any document or response to discovery which that party or non-party considers in good faith to contain confidential and/or protected information. For purposes of this Protective Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person.

3. A party or non-party producing Confidential Information in formal or informal discovery shall produce a copy of such material by affixing the legend "CONFIDENTIAL," where appropriate, to the material at the time such material is produced or disclosed.

4. Interrogatory answers, responses to requests for production, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as Confidential Information, but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from information that is not entitled to protection as Confidential Information.

5. If any party wishes to set forth any Confidential Information as an exhibit or attachment to any brief, argument, filing, or other proceeding before the Court before trial, such Confidential Information shall be submitted and lodged under seal and shall be maintained by the

clerk of the court under seal and such Confidential Information shall not be made available to anyone other than the Court and counsel for both parties. Upon completion of the court proceeding in which the Confidential Information is used it shall be returned to the party who submitted it.

6. Before any party files any motion or other filing (collectively referred to as "filing") with this Court that references Confidential Information, the party who intends to file the filing agrees to notify Plaintiff at least seven days before the filing of its intent to reference the Confidential Information in the filing. If Plaintiff believes that the filing should be filed under seal pursuant to Eastern District of California Local Rule 141 and FRCP 5.2 and 26, Plaintiff will inform the other party of his position. If the other party disagrees with Plaintiff's position, the parties shall meet and confer before the filing. If the parties are unable to resolve the issue by way of the meet and confer, the parties agree to utilize Magistrate Judge Barnes' informal discovery dispute procedure set forth in her standing information to resolve the issue. If the deadline for the filing occurs before the parties obtain a ruling from Magistrate Judge Barnes on the issue, Plaintiff agrees to waive an objection to the timeliness of the filing as long as the filing party informed Plaintiff of its intent to file the filing at least seven days prior to the deadline. The filing must then be filed within seven days of Magistrate Judge Barnes' ruling on the issue.

7. Before trial, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers as required by the Court.

8. Any Defendant that seeks to use at trial material designated as Confidential shall give notice to Plaintiff of its intent to use that material before requesting that such material be marked as an exhibit. If the parties are unable to stipulate that the material be sealed, Plaintiff may immediately or thereafter move the Court for a sealing order pursuant to Eastern District Local Rule 141 and FRCP 5.2 and 26.

9. All Confidential Information shall be accorded confidential status pursuant to the terms of this Protective Order unless the parties formally agree in writing to the contrary or a determination is made by the Court.

10. With the exception of those persons enumerated in paragraph 12 below, no Confidential Information may be disclosed to any person without the prior written consent of the Plaintiff. No confidential documents or information shall be used or communicated by any persons receiving them for any purpose whatsoever other than the preparation of this case for trial, which includes depositions, discovery proceedings, and motion practice.

11. No notes, lists, memoranda, index, electronic images, databases or compilation prepared based wholly or in part upon examination of Confidential Information shall be disseminated to anyone not authorized to have access to Confidential Information.

12. The Confidential Information is for the ATTORNEYS EYES ONLY. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to all parties, confidential information and documents shall not be given, shown, made available or otherwise communicated in any way to any person other than:

    (a) Counsel for the respective parties to this litigation, including in-house counsel, outside counsel, and co-counsel for this litigation;

    (b) Employees of such counsel;

    (c) Individual parties or officers or employees of a party only to the extent deemed necessary by counsel for the prosecution or defense of this litigation; and

    (d) Outside experts and consultants.

All such persons shall be bound by this Protective Order not to communicate further such documents and information.

13. Disclosure shall be made to outside experts and consultants only as is reasonably necessary for prosecuting or defending this lawsuit and only after the person to whom disclosure is made has been provided with a copy of this Protective Order and has agreed in writing to be bound by it. Before any Confidential Information may be disclosed to persons described in Subsections paragraph 12 above, each person to whom such Confidential Information is disclosed, except for Court officials and employees, shall be provided with a copy of this Protective Order and shall sign a written certification in the form of the undertaking attached as Exhibit A attached hereto and incorporated herein.

14. After termination of this case, the provisions of this Protective Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties, their attorneys and all recipients of confidential documents or information for the enforcement of the provisions of this Protective Order following termination of this case, and/or to terminate all or some of the provisions of this agreement on application by any party.

15. This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the applicable rules of discovery and evidence.

16. This Protective Order shall continue to remain in effect even after the conclusion and dismissal of this action. Within 30 days after the entry of order dismissing this case, and the expiration of any appeal therefrom, all confidential documents shall be returned to Plaintiff's counsel. Alternatively, counsel for Defendants may certify in writing that the confidential documents have been shredded or destroyed in a similar manner that protects the Plaintiff's right to privacy.

17. This Protective Order shall be binding upon the parties to this action, the attorneys for each party, any recipient of confidential documents or information, and any successor, administrator, legal representative, assignee, subsidiary, division, employee, agent, independent contractor, or other person or legal entity over which any attorney or recipient of documents or information covered by this Protective Order may have control.

IT IS SO STIPULATED.

Dated: May 24, 2021                **FIORE ACHERMANN, A LAW CORP.**

                                   */s/ Alexandra A. Hamilton*
                                   _____
                                   ALEXANDRA A. HAMILTON
                                   Attorney for Plaintiff
                                   Alejandro Arceo

///

5

STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Dated: May 24, 2021		**RIVERA HEWITT PAUL LLP**

/s/ *Jonathan B. Paul*
(As authorized on May 24, 2021)

_____
JONATHAN B. PAUL
Attorney for Defendants
County of Placer, Devon Bell and David Powers

Dated: May 24, 2021		**PORTER SCOTT**

/s/ *William E. Camy*
(As authorized on May 24, 2021)

_____
WILLIAM E. CAMY
Attorney for Defendants
City of Roseville, Gary Smith, Curtis Watkins, Adrian Coghlan, Brian Lewis, Daniel Timoney, Darryl Lopez, Derrick Phelps, James Haggerty, Lee Hendrick, Seth Addington, and James Maccoun

Dated: May 24, 2021		**LAW OFFICE OF JEROME M. VARANINI**

/s/*Jerome M. Varanini*
(As authorized on May 24, 2021)

_____
Jerome M. Varanini
Attorney for Defendant
California Forensic Medical Group, Incorporated

Dated: May 24, 2021		**MURO & LAMPE, INC.**

/s/ Mark A. Muro
(As authorized on May 24, 2021)

_____
Mark A. Muro
Attorney for Defendants
Ashley Joel Pilgrim, M.D. and CEP America - California

Dated: May 24, 2021　　　　　　　　　　**LA FOLLETTE JOHNSON DE HAAS FESLER & AMES**

*/s/ Scott Foley*
(As authorized on May 24, 2021)

_____
Scott Foley
Attorney for Defendants
Sutter Health and Sutter Roseville Medical Center

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

////

7

STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: May 27, 2021          /s/ DEBORAH BARNES  
                                               UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## CERTIFICATION RE
## AGREEMENT CONCERNING INFORMATION
## COVERED BY PROTECTIVE ORDER

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____ (hereinafter "Order"), in *ARCEO. v. CITY OF ROSEVILLE, et al.*, Case No. 2:20-cv-02334-TLN-DB.

I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure matter to prevent unauthorized access to it. Not later than thirty (30) days after the conclusion of this action, I shall either (a) return such documents to counsel for the party or non-party who provided such information, or at my election, (b) destroy such documents and certify in writing that the documents have been destroyed.

I hereby consent to the jurisdiction of the Eastern District of California for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this _____ day of _____, at _____, _____.

By: _____

Address: _____

_____

_____

Phone: _____

STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION