**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
Megan N. Robertson, SBN 340235
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, and JAMES MACCOUN
*Exempt from filing fee pursuant to Government Code section 6103*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO ARCEO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, ASHLEY JOEL PILGRIM, M.D., SUTTER ROSEVILLE MEDICAL CENTER, SUTTER HEALTH, CEP AMERICA – CALIFORNIA DBA VITUITY HOSPITALISTS, and DOES 1 Through 250, Inclusive,<br><br>　　　　　Defendants.　　　　　／ | No. 2:20-cv-2334 TLN DB<br><br>**STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS** |

*{02725027.DOCX}*

1
STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS

Plaintiff ALEJANDRO ARCEO and Defendants CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, ASHLEY JOEL PILGRIM, M.D., SUTTER ROSEVILLE MEDICAL CENTER, SUTTER HEALTH, CEP AMERICA – CALIFORNIA DBA VITUITY HOSPITALISTS ("Defendants"), by and through their respective counsels, hereby stipulate and in good faith believe that documents potentially within the scope of discovery for the instant matter, including but not limited to the documents identified below that have been requested by Plaintiff, are subject to protection pursuant to Fed. R. Civ. P. 26(c). The terms of this protective order shall apply to the items listed below and any future production of confidential documents that Defendants—or Plaintiff—may designate in good faith to be confidential.

## STIPULATION AND PROTECTIVE ORDER

On May 27, 2021, the parties stipulated and this Court ordered (see Doc. 47) that any and all information regarding Plaintiff's medical records related to his mental and/or psychiatric health, including any treatment records, shall be confidential and subject to the May 27, 2021 Protective Order, including, but not limited to, any and all facts regarding the nature, extent, location and duration of any injuries and any and all medical, psychiatric, and/or psychological treatment for, consequences of, and sequelae therefrom.

The City Defendants take the position that certain personnel records for police officers, including confidential information in the officers' personnel files and confidential information in investigation reports, are subject to protection pursuant to Fed. R. Civ. P. 26(c) and request a protective order.

To prevent duplicative and contradicting processes, the parties stipulate that the following stipulated terms and conditions apply for Plaintiff's medical records that have already been designated confidential in lieu of the May 27, 2021 Protective Order (Doc. 47) as well as the future production of confidential documents by any party.

*{02725027.DOCX}*

A.   **DEFINITIONS**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Documents" or "Confidential Documents" shall mean the Documents that Defendants or Plaintiff designate as "Confidential" in the manner set forth in this Protective Order.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c). Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4. "City Defendants" shall mean CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, and JAMES MACCOUN, and any of their employees later named as Defendants, if any.

5. "Defendants" shall mean CITY OF ROSEVILLE, GARY SMITH, CURTIS WATKINS, ADRIAN COGHLAN, BRIAN LEWIS, DANIEL TIMONEY, DARRYL LOPEZ, DERRICK PHELPS, JAMES HAGGERTY, LEE HENDRICK, SETH ADDINGTON, JAMES MACCOUN, COUNTY OF PLACER, DEVON BELL, DAVID POWERS, CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, ASHLEY JOEL PILGRIM, M.D., SUTTER ROSEVILLE MEDICAL CENTER, SUTTER HEALTH, and CEP AMERICA – CALIFORNIA DBA VITUITY HOSPITALISTS.

6. "Plaintiff" shall mean ALEJANDRO ARCEO.

7. "Parties" shall mean Plaintiff and Defendants, identified above.

**B.     TERMS OF THE PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by, among and between the parties through their counsel of record, that the following terms apply to documents designated as "Confidential" by the Defendants or Plaintiff and produced subject to the following Protective Order:

1.      The Confidential Documents shall be used solely in connection with the civil case *Alejandro Arceo v. City of Roseville, et al.* No. 2:20-cv-02334-TLN-DB (E.D. Cal.) and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2.      The "Designating Party" will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential."

3.      The Confidential Documents may only be disclosed to the following persons:

(a)     Counsel for Plaintiff, including partners and associate attorneys in their offices, as counsel for Plaintiff in this case;

(b)     Counsel for Defendants, including partners and associate attorneys in their offices, as counsel for Defendants in this case;

(c)     Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b), including stenographic deposition reporters or videographers retained in connection with this action;

(d)     Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(e)     Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

(f)     The finder of fact at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel;

(g)     Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential; and

(h)     The parties to this action and any representatives acting on their behalf for this action.

4.     Before any Confidential Documents may be disclosed to persons described in Subsections paragraph 3 above, each person to whom such Confidential Documents are disclosed, except for Court officials and employees, shall be provided with a copy of this Protective Order and shall sign a written certification in the form of the undertaking attached hereto and incorporated herein.

5.     No notes, lists, memoranda, index, electronic images, databases or compilation prepared based wholly or in part upon examination of Confidential Documents shall be disseminated to anyone not authorized to have access to Confidential Documents.

6.     If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141.  If permission is granted, the Confidential Documents will be filed and served in accordance with Local Rule 141.

7.     The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

8.     Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of receiving notice of the challenge. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the

meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (21) days of the initial notice of challenge. Failure by the Designating Party to make such a motion within twenty-one (21) days shall automatically waive the "Confidential" designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

9. Notwithstanding the provisions of Paragraph 3, the Confidential Documents and information contained therein may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media, provided that the Challenging Party has not obtained, by challenge or otherwise, the removal of the confidentiality designation from the Confidential Documents.

10. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

11. The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

12. After the conclusion of this litigation, the Confidential Documents will remain confidential, unless the Challenging Party has obtained removal of the confidentiality designations. "Conclusion" of

this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

13.     This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties, unless the Challenging Party has obtained removal of the confidentiality designations from certain documents.

14.     During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

**IT IS SO STIPULATED.**

Dated:   June 13, 2022            PORTER SCOTT
                                  A PROFESSIONAL CORPORATION


                                  By:   /s/ *William E. Camy*
                                          William E. Camy
                                          Attorney for City Defendants


Dated: June 9, 2022               FIORE ACHERMANN, A Law Corp


                                  By:    /s/ *Alexandra Hamilton* (authorized on 6/9/22)
                                          Alexandra A. Hamilton
                                          Attorney for Plaintiff

*{02725027.DOCX}*

Dated: June 9, 2022	RIVERA HEWITT PAUL LLP

By ⎯⎯/s/ *Jonathan Paul* (authorized on 6/9/22)⎯⎯⎯⎯
    Jonathan Paul
    Jill Nathan
    Christopher Janof
    Attorney for County of Placer, Devon Bell & David Powers

Dated: June 9, 2022	LAW OFFICE OF JEROME M. VARANINI

By ⎯/s/ *Jerry Varanini* (authorized on 6/9/22)⎯⎯⎯⎯
    Jerry Varanini
    Attorney for CA Forensic Medical Group, Inc.

Dated: June 9, 2022	MURO & LAMPE, INC.

By ⎯/s/ *Mark Muro* (authorized on 6/9/22)⎯⎯⎯⎯
    Mark Muro
    Attorneys for Ashley Joel Pilgrim, M.D., CEP America – California Vituity Hospitalists

Dated: June 9, 2022	LA FOLLETTE, JOHNSON, DE HAAS, FESLER & AMES

By ⎯/s/ *Scott Foley* (authorized on 6/9/22)⎯⎯⎯
    Scott Foley
    Attorney for Sutter Roseville Medical Center and Sutter Health

*{02725027.DOCX}*

**CERTIFICATION RE
AGREEMENT CONCERNING DOCUMENTS
COVERED BY PROTECTIVE ORDER**

I hereby certify my understanding that Confidential Documents are being provided to me pursuant to the terms and restrictions of the Protective Order dated _____ (hereinafter "Order"), in *ARCEO. v. CITY OF ROSEVILLE, et al.*, Case No. 2:20-cv-02334-TLN-DB.

I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal Confidential Documents to anyone, except as allowed by the Order. I will maintain all such Confidential Documents – including copies, notes, or other transcriptions made therefrom – in a secure matter to prevent unauthorized access to it. Not later than thirty (30) days after the conclusion of this action, I shall either (a) return such documents to counsel for the party or non-party who provided such information, or at my election, (b) destroy such documents and certify in writing that the documents have been destroyed.

I hereby consent to the jurisdiction of the Eastern District of California for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this _____ day of _____, at _____, _____.

By: _____

Address: _____

_____

_____

Phone: _____

*{02725027.DOCX}*

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If

////

*{02725027.DOCX}*

the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: June 15, 2022        /s/ DEBORAH BARNES
                            UNITED STATES MAGISTRATE JUDGE

*{02725027.DOCX}*