UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ARCEO, | No. 2:20-cv-2334 TLN DB |
| Plaintiff, | |
| v. | ORDER |
| CITY OF ROSEVILLE, et al., | |
| Defendant. | |

On June 21, 2022, defendants filed a motion for a protective order and noticed the motion for hearing before the undersigned on July 29, 2022, pursuant to Local Rule 302(c)(1). (ECF No. 75.) On July 15, 2022, the parties filed a Joint Statement re Discovery Disagreement. (ECF No. 78.) The Joint Statement reflects that the parties last met and conferred on June 15, 2022, by phone. (Id. at 5.)

However, the parties are directed to the undersigned's Standard Information re discovery disputes found on to the court's web page at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db. That document explains that parties must meet and confer prior to filing a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the Joint Statement. Here, it does not appear that the parties met and conferred after filing the motion but prior to filing the Joint Statement.

1

Moreover, defendants' motion seeks a stay of discovery pending resolution of defendants' motion to dismiss.[1]  (ECF No. 78 at 2.)  However, on November 23, 2020, the assigned District Judge issued an Initial Pretrial Scheduling Order.  (ECF No. 5.)  That order directed the parties to commence discovery and set a discovery deadline.  In this regard, any stay of that order is not for the undersigned to decide.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' June 21, 2022 motion for protective order (ECF No. 75) is denied without prejudice to renewal; and

2. The July 29, 2022 hearing is vacated.

DATED: July 25, 2022              /s/ DEBORAH BARNES
                                  UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/arceo2334.mtc.den.m&c.ord

---

[1] Based on discovery disputes coming before the undersigned, there is nothing unusual about discovery continuing while a motion to dismiss is awaiting resolution.