UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ARCEO,<br>Plaintiff,<br>v.<br>CITY OF ROSEVILLE, et al.,<br>Defendants. | No. 2:20-cv-02334-DAD-SCR<br><br><u>ORDER GRANTING MOTION TO AMEND THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15</u><br><br>(Doc. No. 231) |

On October 27, 2026, plaintiff and defendant City of Roseville filed a joint stipulation to dismiss plaintiff's claims one through eight brought against defendant City of Roseville. (Doc. No. 231.) Because the stipulation seeks to dismiss some, but not all, claims brought against this defendant, the court construes the filing as a motion to amend the pleadings pursuant to Rule 15 of the Federal Rules of Civil Procedure. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687–88 (9th Cir. 2005) (noting that when a plaintiff seeks to withdraw some—but not all—of its claims against a defendant, a court should construe that as a motion to amend the pleadings rather than as a request for voluntary dismissal under Rule 41).

A plaintiff may amend the complaint once as a matter of course within 21 days after service. Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(B). Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3)

produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330–31 (1971)).

Here, plaintiff has already amended his complaint twice. (Doc. Nos. 51, 112.) Thus, he is not entitled to amend it a third time as a matter of right. Nonetheless, the court concludes that allowing plaintiff to amend the complaint would not result in prejudice "because plaintiff seeks to withdraw causes of action rather than to add new ones." *Watterson v. Fritcher*, No. 1:17-cv-01020-DAD-JLT, 2018 WL 5880776, at *2 (E.D. Cal. Nov. 8, 2018); *see also Hells Canyon Pres. Council*, 403 F.3d at 690 ("It is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment."). The court similarly finds that the amendments proposed by plaintiff are not sought in bad faith, would not produce an undue delay in litigation, and are not futile. Construing the joint stipulation as a motion to amend the complaint, the court will grant the motion.

For the reasons above,

1. The motion to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure is GRANTED as follows:
    a. Claims one through eight are DISMISSED with prejudice as to defendant City of Roseville only;
    b. This case proceeds against defendant City of Roseville on plaintiff's claims nine through twelve and claim fourteen; and
2. Plaintiff is directed to file his third amended complaint asserting only his remaining claims within fourteen (14) days from the date of this order.

IT IS SO ORDERED.

Dated: **November 3, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE